IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TOATUGA M. SAOFAIGAALII, | ) | CIVIL NO. 14-00455 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED |
| vs. | ) | WITHOUT PREPAYING FEES OR |
| | ) | COSTS AND DENYING PLAINTIFF'S |
| TRIPLER ARMY MEDICAL CENTER, et al., | ) | REQUEST FOR APPOINTMENT OF COUNSEL |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DENYING
PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**

**I.       INTRODUCTION.**

On October 9, 2014, Plaintiff Toatuga M. Saofaigaalii filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "IFP Application") and a Request for Appointment of Counsel (the "Request for Counsel").  ECF No. 3; ECF No. 4.  The IFP Application and the Request for Counsel are denied.

**II.      ANALYSIS.**

   **A.   The IFP Application.**

For the court to grant the IFP Application, Saofaigaalii must establish that he is a pauper.  To do so, he must submit an affidavit that includes a statement of the assets he possesses and a statement that he is unable to pay the cost of this proceeding or give security therefor.  28 U.S.C. § 1915(a)(1).

Having reviewed the information provided by Saofaigaalii, the court determines that Saofaigaalii has failed to establish that he is entitled to proceed without prepaying fees or costs. The IFP Application indicates that Saofaigaalii receives $4,274.70 per month, equating to $51,296.40 per year. Given this income, Saofaigaalii is not a pauper, and nothing in the IFP Application demonstrates otherwise. The court recognizes that he lists debts and dependents, but that information does not establish his pauper status.

  **B. Request for Counsel.**

Saofaigaalii requests that this court appoint him counsel under the Civil Rights Act of 1964, which provides for the appointment of counsel in employment discrimination cases "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Because Saofaigaalii's Complaint nowhere alleges employment discrimination under the Civil Rights Act of 1964, Saofaigaalii's case cannot possibly fall within 42 U.S.C. § 2000e-5(f)(1). His request for counsel on that basis, therefore, is denied.

**III. CONCLUSION.**

Saofaigaalii's IFP Application and Request for Counsel are denied. Given the denial of this IFP Application, Saofaigaalii must either pay the filing fee no later than November 17, 2014, or submit a new IFP Application establishing

his pauper status.  Failure to do either by that date will result in the automatic dismissal of this action.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, October 22, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Saofaigaalii v. Tripler Army Medical Center, et al., Civ. No. 14-00455 SOM/KSC; ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL