IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TOATUGA M. SAOFAIGAALII, | ) | CIVIL NO. 14-00455 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | DISMISS |
| vs. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING MOTION TO DISMISS**

**I.      INTRODUCTION.**

The court has before it a motion to dismiss filed by Defendants Tripler Army Medical Center ("Tripler") and the Department of the Army (collectively, "Defendants").  See ECF No. 25.  Defendants seek dismissal of Plaintiff Toatuga M. Saofaigaalii's Complaint for lack of subject matter jurisdiction, arguing that they cannot be sued under the Federal Tort Claims Act ("FTCA").  In the alternative, Defendants argue that the Complaint must be dismissed for failure to state a claim upon which relief can be granted because Saofaigaalii's claims are barred by the statute of limitations.  Defendants' motion to dismiss is denied.

**II.     BACKGROUND.**

Saofaigaalii is a United States veteran who resides in Pago Pago, American Samoa.  See ECF No. 1-10, PageID # 22.  He

travels to Hawaii periodically to receive medical treatment at Tripler.  See ECF No. 1, PageID #s 1-2.

On February 21, 2007, Saofaigaalii underwent surgery at Tripler to remove kidney stones.  See id., PageID # 2; ECF No. 1-10, PageID # 23.  He says the surgery was unsuccessful.  See ECF No. 1, PageID # 2.  According to Saofaigaalii, he was asked to consent to a second surgery, but refused because of pain in his lower body.  See id.  Saofaigaalii alleges that his doctors then told him that, absent his consent to a second surgery, he would have to return to American Samoa with a catheter.  See id. Saofaigaalii says he eventually consented to the second surgery, which occured on March 12, 2007.  See id.

Saofaigaalii alleges that Tripler doctors performed his second surgery negligently.  See id., PageID # 3.  He claims that anesthesia was improperly administered and that a broken piece of metal was left in his kidney or stomach.  See id.  Saofaigaalii says that, since his surgery, he has suffered a bacterial infection, chronic headaches, numbness and pain in his lower extremities, lower back pain, stress, impotency, painful urination, difficulty sleeping, and nightmares.  See id.

On September 26, 2007, Saofaigaalii filed a claim for disability compensation with the Honolulu Regional Office of the Department of Veterans Affairs (the "VA"), pursuant to 38 U.S.C. § 1151.  See ECF No. 1-15, PageID # 32.  In his statement in

support of that claim, Saofaigaalii described suffering from headaches, numbness and pain in his lower extremities, lower back pain, and a bacterial infection. See id.

On March 21, 2008, the VA denied Saofaigaalii's request for disability compensation. See ECF No. 1-19, PageID # 40. The VA stated that it was denying Saofaigaalii's request because Tripler is "not considered to be a VA facility for the purposes of 38 U.S.C. § 1151," and Saofaigaalii's injuries, therefore, "were not actually the result of VA care." Id., PageID # 41.

Saofaigaalii appears to have appealed the VA's decision, and that appeal appears to have been denied. See ECF No. 1-12, PageID # 27.

On October 7, 2010, Saofaigaalii wrote to Brigadier General Steve Jones of the Pacific Regional Medical Command, requesting resolution of his VA claim. See ECF No. 1-10, PageID # 25.

Saofaigaalii appears to allege that he filed a Claim for Damage, Injury, or Death (Standard Form 95) with the Pacific Regional Medical Command on October 7, 2010. See ECF No. 1-13, PageID # 29. Defendants contend that Saofaigaalii's Form 95, although dated October 7, 2010, was not received by Tripler until September 30, 2013. See ECF No. 25-1, PageID # 107.

On November 15, 2010, Saofaigaalii wrote a separate letter to Brigadier General Jones, inquiring as to whether he had

received Saofaigaalii's previous letter and Form 95. See ECF No. 1-14, PageID # 31.

On March 16, 2011, Saofaigaalii requested assistance from the Honolulu Regional Office of the VA, referencing the denial of his § 1151 claim by the VA and his claim dated October 7, 2010. See ECF No. 1-9, PageID # 21.

On September 27, 2013, Saofaigaalii requested settlement of his October 7, 2010, claim from Brigadier General Dennis D. Doyle of the Pacific Regional Medical Command. See ECF No. 1-5, PageID # 15.

On October 23, 2013, a Medical Claims Judge Advocate of the U.S. Army sent Saofaigaalii a letter acknowledging receipt of his Form 95. See ECF No. 1-6, PageID # 17. The letter states that the Medical Claims Office received Saofaigaalii's Form 95 on September 30, 2013. See ECF No. 1-6, PageID # 17.

On March 14, 2014, the Tort Claims Division of the U.S. Army Claims Service denied Saofaigaalii's claim, stating that it was barred by the two-year statute of limitations in 28 U.S.C. § 2401(b). See ECF No. 1-3, PageID #s 10-11.

On April 28, 2014, Saofaigaalii requested reconsideration of the denial of his claim. See ECF No. 1-4, PageID #s 12-14. Reconsideration was denied on August 19, 2014. See ECF No. 1-2, PageID #s 8-9.

On October 9, 2014, Saofaigaalii filed his Complaint in this court. See ECF No. 1, PageID # 1. Saofaigaalii asserts various negligence claims against Defendants in relation to his surgery at Tripler on March 12, 2007. See id., PageID #s 1-7.

On June 23, 2015, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. See ECF No. 25.

**III.     STANDARD.**

    **A.   Rule 12(b)(1).**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint may be dismissed for lack of subject matter jurisdiction. An attack on subject matter jurisdiction "may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. A factual attack, on the other hand, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

If the moving party makes a factual challenge, the court may consider evidence beyond the complaint and "need not presume the truthfulness of the plaintiff's allegations." Id. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence

properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. (quoting Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)) (internal quotation marks omitted).

If the moving party makes a facial challenge, as here, the court's inquiry is "confin[ed] . . . to allegations in the complaint." Savage, 343 F.3d at 1040.  Those allegations are taken by the court as true. Courthouse News Serv. v. Planet, 750 F.3d 776, 780 (9th Cir. 2014).

**B.   Rule 12(b)(6).**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  Courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a

motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**IV.      ANALYSIS.**

    **A.   The United States May be Substituted For Tripler and the Department of the Army.**

Defendants say that the Complaint "must be dismissed for lack of subject matter jurisdiction" because it names Tripler and the Department of the Army as Defendants. See ECF No. 25-1, PageID # 111.

The FTCA, which provides the exclusive remedy for tortious conduct by a United States agency or employee, does not permit suit against an agency or employee directly. The only party that may be sued under the FTCA is the United States. See F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998).

8

What Defendants ignore in arguing a lack of jurisdiction is that claims naming a United States agency or employee as a tortfeasor may be treated as claims against the United States.  See Anderson v. U.S. Postal Serv., 761 F.2d 527, 528 (9th Cir. 1985) ("The district court properly treated [Plaintiff's] tort claim against the Postal Service as a suit against the United States."); Doe v. Hagee, 473 F. Supp. 2d 989, 995 (N.D. Cal. 2007) ("[A]n FTCA claim brought against the Marine Corps or the Marines is properly treated as brought against the United States.").  There has been no allegation that Defendants are not, in fact, agencies of the United States.

The United States is hereby substituted for Tripler and the Department of the Army.  Saofaigaalii's naming of agencies of the United States, rather than the United States itself, does not warrant dismissal of his Complaint on jurisdictional grounds.

> **B.   The United States Does Not Meet its Burden of Demonstrating Entitlement to Dismissal Based on the Statute of Limitations**.

Under the FTCA, before filing a tort action against the United States in court, an individual "must seek an administrative resolution of her claim." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992).  The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting

9

> within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). A claim is considered presented in accordance with 28 U.S.C. § 2675(a) if a party files "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Blair v. IRS, 304 F.3d 861, 864 (9th Cir. 2002) (quoting Warren v. U.S. Dep't of Interior Bureau of Land Mgmt., 724 F.2d 776, 780 (9th Cir. 1984)) (internal quotation marks omitted).

The FTCA requires that a claim against the United States be "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401. A claim accrues "when a plaintiff knows or has reason to know of the injury which is the basis of his action." Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008) (internal quotation marks omitted). If a plaintiff fails to present his or her claim within two years after accrual, the claim is "forever barred." Id.

The United States contends that Saofaigaalii failed to present his claim within the two-year statute of limitations. See ECF No. 25-1, PageID #s 111-16. According to the United States, Saofaigaalii's claim accrued on March 12, 2007, the date

of the surgery at issue, meaning that his claim had to be presented by March 12, 2009, to have been timely filed.  See id. at PageID # 112.

Defendants have not met their burden as movants of demonstrating entitlement to dismissal based on the statute of limitations.

Defendants assume that the date of accrual is the date of Saofaigaalii's surgery, but do not demonstrate that Saofaigaalii should have immediately discovered the allegedly resulting problems, much less that the problems had any connection to the allegedly negligent performance of the surgery. The documents submitted by Saofaigaalii indicate that he knew of multiple spine punctures, chronic headaches, numbness and pain to lower extremities, lower back pain, and a bacterial infection by September 26, 2007, the date of his VA disability compensation claim, and that he knew of a piece of metal left in his kidney by February 4, 2008.  See ECF No. 1-15, PageID # 32; ECF No. 1-18, PageID # 38.  Defendants do not demonstrate that these conditions or any of the other conditions Saofaigaalii complains of (e.g., impotency, painful urination, emotional distress, inability to sleep) are injuries Saofaigaalii knew or should have known of on the date of his surgery.

In cases alleging medical malpractice, it is easy to envision scenarios in which injuries caused by surgery do not

manifest themselves until weeks, months, or even years after the surgery.  Even if a person suffers from a condition following surgery, that condition may initially be viewed as a natural part of the recovery process, rather than an injury resulting from negligence.  Claims involving medical malpractice do not accrue until a plaintiff "knows of both the existence of an injury and its cause." Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008).

       The United States provides this court with no basis for concluding that the date of accrual for Saofaigaalii's claims is the date of the surgery.  This court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Terracom v. Valley Nat. Bank, 49 F.3d 555, 558 (9th Cir. 1995) (internal quotation marks omitted).  Saofaigaalii might have discovered his alleged injuries considerably after his surgery, leaving open the possibility that Saofaigaalii could prove facts entitling him to relief notwithstanding any statute of limitations defense.

       It is also unclear to this court that the United States may rely on September 30, 2013, as the date Saofaigaalii presented his claim.  It is true that Saofaigaalii may not rely on his request for disability compensation from the VA as adequate presentation of his claim.  That request did not include

a sum certain damages claim, even if the request could be interpreted as seeking redress for an injury sustained through tortious conduct, rather than simply seeking compensation for a disability.  However, Saofaigaalii attaches as Exhibit M to his Complaint his Form 95, which included a sum certain and was dated October 7, 2010.  See ECF No. 1-13, PageID # 29.  While the United States says it did not receive that Form 95 until September 30, 2013, this court, on a motion to dismiss, must take Saofaigaalii's allegations of material fact as true and construe them in the light most favorable to him.  This court therefore cannot conclude on the present record that Saofaigaalii's claims are time-barred.

**V.     CONCLUSION.**

Defendants' motion to dismiss is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 25, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Saofaigaalii v. United States, Civ No. 14 00455 SOM/KSC; ORDER DENYING MOTION TO DISMISS